**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:09cr63**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **KENNETH LEE GARDNER.** | ) | |

**THIS MATTER** is before the Court on the Defendant's *pro se* filings captioned "Relieve of Ineffective Assistance of Counsel" [Doc. 32], "Prosecutorial Misconduct" [Doc. 33], and "Request for Evidentiary Hearing" [Doc. 36] as well as an Inquiry as to Counsel [Doc. 37], filed by the Defendant's attorney.

As noted, the Defendant is represented by court-appointed counsel. The Rules of Practice and Procedure of the United States District Court for the Western District of North Carolina (Local Rules of Criminal Procedure) provide in pertinent part as follows:

> Except for challenges to the effective assistance of counsel, the Court will not ordinarily entertain a motion filed by a criminal defendant who is still represented by counsel and has not formally waived his or her right to counsel in the presence of a judicial officer after being fully advised of the consequences of the waiver.

Loc.R.Crim.P. 47.1(H).

On September 22, 2009, this Court entered an Order in which the Defendant was clearly told that he may not communicate directly with the Court and that all communication must be made through counsel with service on the United States Attorney. [Doc. 24]. As a result, his *pro se* pleading, Document 23, was stricken from the record. [<u>Id</u>.]. On October 7, 2009 and November 4, 2009, additional *pro se* filings by the Defendant were stricken from the record. [Doc. 25].

The Defendant's draft presentence report was completed on August 12, 2009. [Doc. 16]. The Defendant's attorney filed objections to the report on August 31, 2009, which resulted in the filing of a final report on September 8, 2009. [Docs. 18, 19, 20]. His attorney also moved for a variance from the sentencing guidelines on September 14, 2009, a motion which necessitated a revised final report dated January 4, 2010. [Docs. 21, 27, 28].

On January 14, 2010, the motion of the Defendant's attorney for leave to withdraw was granted and new court-appointed counsel was provided. The Defendant's sentencing hearing was continued to provide time within which new counsel might familiarize himself with the case.

In the pending *pro se* filings, the Defendant claims he was not a party to his amended plea agreement. He also accuses his current attorney of ineffective assistance because counsel did not order an audio recording of the

Rule 11 hearing during which the Defendant entered his guilty plea. The Defendant states that he is capable of representing himself at sentencing. In the last *pro se* filing, the Defendant asks the Court to provide an audio recording of his Rule 11 hearing and to issue certain subpoenas. The Court notes that transcripts of both hearings involving the Defendant's Rule 11 inquiries have been filed. [Doc. 34; Doc. 35].

In addition to the motion attacking the performance of counsel, the Defendant has filed a motion claiming the Assistant United States Attorney who signed the plea agreement on behalf of the Government has engaged in prosecutorial misconduct.

The issues which the Defendant raises in these *pro se* filings have previously been explored by Magistrate Judge Dennis L. Howell. The Court finds that further inquiry at the present is not required. At the time of the Defendant's sentencing hearing, the Court will inquire on the record as to the Defendant's desire to represent himself. Because the issue of representation will be addressed at sentencing, no further filings are warranted. To the extent the Defendant seeks other relief in his *pro se* filings, relief is denied because while he is represented by counsel the Court will not entertain *pro se* filings.

The Defendant's *pro se* motion accusing the Government of

prosecutorial misconduct will be stricken from the record for the same reason. The Defendant is again placed on notice that while he is represented by counsel, the Court will not entertain *pro se* motions.

Finally, the Defendant's attorney has requested an inquiry as to the status of counsel. That inquiry will occur at the time of sentencing.

**IT IS, THEREFORE, ORDERED** that the Defendant's *pro se* filing captioned "Relieve of Ineffective Assistance of Counsel" [Doc. 32] will be addressed at the time of sentencing.

**IT IS FURTHER ORDERED** that the Defendant's *pro se* filings captioned "Prosecutorial Misconduct" [Doc. 33], and "Request for Evidentiary Hearing" [Doc. 36] are hereby **STRICKEN**.

**IT IS FURTHER ORDERED** that the Inquiry as to Counsel [Doc. 37] filed by the Defendant's attorney will be addressed at the time of sentencing.

The Clerk of Court is requested to schedule this matter for sentencing during the March 2010 sentencing calendar.

Signed: February 25, 2010

Martin Reidinger
United States District Judge

4