**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**DOCKET NO. 1:09CR63-MR**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| KENNETH LEE GARDNER, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER** is before the Court on the Defendant's handwritten motion "Relieve of Ineffective Assistance of Counsel"(document #32) received February 11, 2010 and Defendant's motion, through his attorney, "Inquiry as to Counsel" (document #37) filed February 23, 2010. The Court conducted a hearing on this matter on March 25, 2010.

Having fully considered the arguments, the record, and the applicable authority, the Court finds that there is no basis for removal of counsel for Defendant, as discussed below.

Defendant was charged by Bill of Information (document #1) with knowingly and intentionally possessing with intent to distribute less than 500 grams of cocaine. A plea agreement was reached where Defendant would plead guilty to a charge of conspiracy to possess with intent to distribute less than 500 grams of cocaine and the Government would dismiss the original bill of information containing the possession charge as well as charges pending in a separate criminal case, 1:09CR23-5. In order for Defendant to plead to the conspiracy charge, the Government filed an amended Bill of Information (document # 9) charging Defendant with knowingly and intentionally conspiring with Kenneth Foster and others to possess with intent to distribute less than 500 grams of cocaine.

A Rule 11 hearing took place on July 9, 2009 before the Honorable Dennis L. Howell.

During the hearing, it came to the parties' attention that the original plea agreement (document #2) needed to be amended. The amendments to the plea agreement reflected the fact that the Government would dismiss the charges against Defendant in Indictment 1:09CR23-5 and in the original Bill of Information. Additionally, the agreement was amended to reflect that the term of supervised release, if Defendant had no other felony drug convictions, was three years and not five years as stated in the original plea agreement. If Defendant had other felony drug convictions, the term of supervised release would be at least 6 years. All these amendments were written on the face of the original plea agreement and initialed by Defendant, his counsel and counsel for the Government.

During the course of the Rule 11 hearing, Judge Howell realized that Defendant had signed the plea agreement in pencil. Below is a transcription of the events that occurred at this point in the Rule 11 hearing:

> THE COURT: All right. Mr. Gardner, is your signature on the plea agreement?
>
> THE DEFENDANT: Yes. It's in pencil.
>
> THE COURT: All right. We might want to make sure that that is - - yeah, let's make sure that that is in pen because things can be erased.
>
> And also, sir, have you initialed the changes in the plea agreement regarding dismissal of 1:09cr23-5 today?
>
> THE DEFENDANT: That's correct.
>
> THE COURT: Okay. Ms. Mimms, let's have him sign that in pen also.

After making the amendments to the original plea agreement and having the Defendant re-sign the plea agreement in ink, the amended plea agreement was scanned and docketed (document #12).

The Rule 11 inquiry and Order of Acceptance of Plea (document #13) was signed by Defendant and his counsel on July 9, 2009. Judge Howell found Defendant's plea to be knowingly and voluntarily made and that Defendant understood the charges, potential penalties and consequences of his plea and accordingly, accepted Defendant's plea on July 9, 2009.

Defendant's main argument at the hearing and in his motion is that his signature was forged on the plea agreement. He disputes the transcript from the Rule 11 hearing before Judge Howell. Defendant requested defense counsel to retain a handwriting expert to prove the forgery and wanted various motions filed with the Court which counsel refused to do. Therefore, Defendant requested the Court appoint new counsel.

Defense counsel represented to the Court that Defendant had made these forgery allegations to him and that he had reviewed the record and met with Defendant's original attorney, Julia Mimms, who represented Defendant at the Rule 11 hearing. Based on this investigation, defense counsel found no basis for the forgery allegation and did not consider Defendant's motions to be credible, so he refused to file them with the Court.

The Court has reviewed the entire transcript of the Rule 11 hearing and finds no credible basis for Defendant's claim that his signature on the plea agreement was forged. Rather, the Court finds that Defendant signed the plea agreement twice, once in pencil and a second time in pen in open court. Therefore, the Court does not find that there is a basis for removal of counsel for Defendant and Defendant's handwritten motion "Relieve of Ineffective Assistance of Counsel"(document #32) and Defendant's motion, through his attorney, "Inquiry as to Counsel" (document #37) are **DENIED**.

After ruling from the bench, the Court warned Defendant that he could be held in contempt if he continued to file motions on his own in violation of Local Rule of Criminal Procedure 47.1(H).

In response, Defendant made an oral motion to represent himself. The United States Supreme Court held in Faretta v. California, 422 U.S. 806, 819 (1975), that the Sixth Amendment implicitly provides a criminal defendant an affirmative right to self-representation. To be effective, "[a]n assertion of the right of self representation must be (1) clear and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely." United States v. Frazier-El, 204 F.3d 553, 558 (4th Cir. 2000) (internal citations omitted).

Based on Defendant's oral motion, the Court inquired into Defendant's request to represent himself. The Court advised Defendant of his right to counsel and his right to represent himself. The Court asked Defendant a series of questions and finds that Defendant was not under the influence of alcohol or illegal drugs, that he has completed two years of community college, that he has no physical or mental handicaps, that he understood his right to counsel and his right to self-representation, that he understood the consequences of self-representation, and that he understood the charges against him as well as the maximum penalties and fines. After questioning Defendant, the Court explained that the Court cannot give him legal advice or assistance and that he will be held to the same rules as an attorney practicing before this Court.

Defendant's answers to the Court's questions and his statements during the hearing indicate that Defendant has made a knowing, intelligent and voluntary decision to represent himself and waive his right to counsel. The Court also finds that Defendant understands the consequences of representing himself. Therefore, for the foregoing reasons, the Defendant's oral motion to represent himself is **GRANTED**. Furthermore, the Court appoints Defendant's former counsel, James S. Weidner, Jr., as stand by counsel for Defendant based on Weidner's assertion that his relationship with Defendant has not deteriorated to the point that they cannot communicate and his willingness to serve in this capacity.

The Clerk is directed to send copies of this Order to counsel for the parties; <u>and to the Honorable Martin Reidinger</u>.

**SO ORDERED.**

Signed: March 26, 2010

David S. Cayer
United States Magistrate Judge