IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL CASE NO. 1:09cr63

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| KENNETH LEE GARDNER. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Original Document to be Present at Sentencing" [Doc. 46], "Motion to Subpoena Individuals under Fed.R.Crim.Proc. Rule 17(b) and (c), documents" [Doc. 50] and "Motion to Release any and all Documents & Information." [Doc. 51].

In the first motion, the Defendant seeks to have present at his sentencing hearing the "original documents" constituting his plea agreement in order to "show and prove that the defendant was never apart of the amended agreement." [Doc. 46, at 1]. In the second motion, the Defendant seeks to subpoena various witnesses because "their testimony is pertinent to the fraud of the defendants plea agreement." [Doc. 50, at 1].

On March 25, 2010, Magistrate Judge David S. Cayer conducted a hearing on various issues and entered a written order in which he stated:

> Defendant's main argument at the hearing and in his motion is that his signature was forged on the plea agreement. He disputes the transcript from the Rule 11 hearing before Judge Howell. Defendant requested defense counsel to retain a handwriting expert to prove the forgery and wanted various motions filed with the Court which counsel refused to do. ... Defense counsel represented to the Court that Defendant had made these forgery allegations to him and that he had reviewed the record and met with Defendant's original attorney, Julia Mimms, who represented Defendant at the Rule 11 hearing. Based on this investigation, defense counsel found no basis for the forgery allegation[.] The Court has reviewed the entire transcript of the Rule 11 hearing and finds no credible basis for Defendant's claim that his signature on the plea agreement was forged. Rather, the Court finds that Defendant signed the plea agreement twice, once in pencil and a second time in pen in open court.

[Doc. 42, at 3].

Having reviewed the record of these proceedings, the Court finds the Magistrate Judge's decision to be accurate. The pending motions to produce documents and for the issuance of subpoenas simply seek to re-litigate that which has already been adjudicated and are therefore moot.

Magistrate Judge Cayer also found that the Defendant knowingly and voluntarily chose to represent himself at sentencing. However, he ordered James Weidner to remain in the case as stand-by counsel. As a result, the third motion is unnecessary. As an attorney, Mr. Weidner is well aware of the

2

duties regarding the production of copies of documents. As stand-by counsel, he will continue to assist the Defendant when reasonably asked to do so. It is therefore unnecessary to order him to produce anything.

When Ms. Mimms was relieved of representation, she was under a duty to cooperate with Mr. Weidner concerning his provision of future representation. There was no indication from Mr. Weidner at the hearing before Magistrate Judge Cayer that he had anything other than full cooperation from Ms. Mimms. The Court therefore finds this motion as well to be unnecessary.

Throughout this case, the Defendant has engaged in disruptive conduct by making filings while represented by counsel. Now that he has been allowed to represent himself, he has filed an interlocutory appeal and has proceeded to make additional filings on issues which have been repeatedly addressed. The American Bar Association Standards for Criminal Justice provide that "[i]f a defendant who is permitted to proceed without the assistance of counsel engages in conduct which is so disruptive ... that the [case] cannot proceed in an orderly manner, the court should, after appropriate warnings, revoke the permission and require representation by counsel." Davis v. Grant, 532 F.3d 132, 143 n.6 (2nd Cir. 2008), *certiorari denied* 129 S.Ct. 1312, 173 L.Ed.2d 595 (2009), *quoting* ABA Standards for

3

Criminal Justice 6-3.9 (1986) (3d ed. 2000); United States v. Edelmann, 458 F.3d 791, 808 (8th Cir 2006), *quoting* Faretta v. California, 422 U.S. 806, 834, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) ("'the trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct.'"). "The right [to self-representation] does not exist ... to be used as a tactic for delay, for disruption, for distortion of the system or for manipulation of the [sentencing] process." United States v. Frazier-El, 204 F.3d 553, 560 (4th Cir. 2000), *certiorari denied* 531 U.S. 994, 121 S.Ct. 487, 148 L.Ed.2d 459 (2000). The Court considers the Defendant's repeated filings regarding issues which have been previously determined to be disruptive and a tactic for the delay and manipulation of the process. The Defendant is hereby warned that if he continues to make frivolous filings, his right to self-representation may be revoked and Mr. Weidner will be reinstated as counsel of record, not just stand-by counsel. In that event, if the Defendant persists in making frivolous filings, he will face the possibility of contempt sanctions.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Original Document to be Present at Sentencing" [Doc. 46], "Motion to Subpoena Individuals under Fed.R.Crim.Proc. Rule 17(b) and (c), documents" [Doc. 50] and "Motion to Release any and all Documents & Information" [Doc. 51] are hereby **DENIED**.

Signed: April 29, 2010

Martin Reidinger
United States District Judge