**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:09 CR 63-1**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **KENNETH LEE GARNDER,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

This matter came before the Court and was heard on February 22, 2019 and on February 25, 2019 on the following: 1) Motion to Withdraw as Counsel of Record and Request for Appointment of New Counsel (Doc. 99) filed by defense counsel Alan Coxie; 2) "Motion to Grant Release on Personal Recognizance or on Unsecured Appearance Bond" (Doc. 100) filed by Defendant; 3) Addendum to Petition for Warrant for Defendant Under Supervision (Doc. 97) ("Addendum #1"); and 4) Addendum to Petition for Warrant for Defendant Under Supervision (Doc. 101) ("Addendum #2").

**I.    Hearings on February 22, 2019**

The Government was represented by Assistant United States Attorney Alexis Solheim.  Mr. Coxie and, subsequently, Assistant Federal Defender Mary Ellen Coleman, appeared with Defendant.

**A.  Motion to Withdraw**

The Court first reviewed the Motion to Withdraw (Doc. 99).  The Court directed that the record be sealed and the courtroom closed at the request of Mr. Coxie, who anticipated that the hearing could require discussion of matters subject to the attorney-

client privilege.  The Court then heard further from Mr. Coxie and Defendant regarding their positions on the Motion to Withdraw (Doc. 99).  Thereafter, the record and the courtroom were unsealed.

The Court took the motion under advisement briefly and conducted the initial appearance for Defendant on Addendum #1 and Addendum #2.  Given the pending Motion to Withdraw (Doc. 99), the Court directed Ms. Coleman to appear with Defendant during the initial appearance, after which the Court further considered the Motion to Withdraw.

The undersigned took into account (1) the timeliness of the motion, (2) the reasons for the motion as stated by Mr. Coxie and by Defendant, (3) whether there was a conflict between Defendant and defense counsel, and (4) whether such conflict was "so great that it had resulted in total lack of communication preventing an adequate defense".  See United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988).  The Court also noted specifically that Defendant wishes to continue to be represented by appointed counsel and does not wish to represent himself.

Considering the above referenced factors, the Court concluded that a complete breakdown in communication had occurred between Defendant and Mr. Coxie such that appointment of a new attorney for Defendant was required. The Court therefore allowed the Motion (Doc. 99) and directed that new counsel be appointed for Defendant.

### B.  Initial Appearance and Detention Hearing

At Defendant's Initial Appearance on the Petition for Warrant for Offender Under Supervision (Doc. 90) held on December 21, 2018, the Government moved for detention.

At a subsequent hearing on December 26, 2018, Defendant waived his right to a preliminary revocation hearing and did not oppose detention but reserved his right to request a hearing at a later date.

As it appeared that the Government continued to seek Defendant's detention prior to his Final Revocation Hearing and that Defendant now wished to be heard on that motion, a hearing on the issue of detention, including Defendant's "Motion to Grant Release on Personal Recognizance or on Unsecured Appearance Bond" (Doc. 100), was scheduled for February 25, 2019.

## II. Hearing on February 25, 2019

The Government was represented by Assistant United States Attorney Don Gast. Attorney Frank Abrams appeared with Defendant.

After the call of the case, defense counsel advised that Defendant in fact did not wish to be heard on the issue of detention at this time and sought a continuance of any detention hearing so as to provide the parties with an opportunity to discuss possible resolution.

Pursuant to Local Criminal Rule 47.1(g), "except for challenges to the effective assistance of counsel, the Court will not ordinarily entertain a motion filed by a criminal defendant who is still represented by counsel and has not formally waived the right to counsel in the presence of a judicial officer after being fully advised of the consequences of waiver". LCrR 47.1. As Defendant has been represented by appointed counsel, and wishes to continue to be so represented, his "Motion to Grant Release on Personal Recognizance or on Unsecured Appearance Bond" (Doc. 100) will be stricken.

However, and without objection from the Government, Defendant – through counsel – may file a subsequent motion seeking a hearing on the issue of detention if he so chooses.

**IT IS THEREFORE ORDERED THAT:**

1. The Motion to Withdraw as Counsel of Record and Request for Appointment of New Counsel (Doc. 99) is **GRANTED** and Attorney Alan Coxie is hereby **WITHDRAWN** as counsel of record for Defendant.

2. Defendant's "Motion to Grant Release on Personal Recognizance or on Unsecured Appearance Bond" (Doc. 100) is **STRICKEN.**

Signed: February 25, 2019

W. Carleton Metcalf
United States Magistrate Judge